IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY BACA,

       Plaintiff,

v.                                                                                               No. 15CV977 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* (the "Motion"), (Doc. 24), filed January 31, 2017; Defendant Commissioner Nancy A. Berryhill's *Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 25), filed February 14, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 26), filed February 27, 2017. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion should be **GRANTED**.

    **I.**     **Background**

On August 7, 2012, Mr. Baca filed an application for supplemental social security income and disability insurance benefits alleging disability commencing on August 15, 2001. (Administrative Record ("AR") 136-141, 142-148). His claim for benefits was initially denied and again upon reconsideration. (AR 83-86, 88-93). A request for a hearing was filed and a hearing was held on July 23, 2013 before an Administrative Law

Judge ("ALJ"), who issued an unfavorable decision. (AR 31-56, 94-95). Mr. Baca then filed an application for review by the Appeals Council, which was summarily denied. (AR 1-6, 8-10).

Thereafter, Mr. Baca appealed to this Court, arguing that the ALJ committed reversible legal error by failing to: (1) analyze whether Mr. Baca's skin condition met or equaled any of the listings under 8.00 at step three; (2) develop the record concerning whether Mr. Baca had an infectious skin condition; and (3) provide adequate reasons for rejecting the medical opinion of consultative examiner Colleen Ryan, M.D. (Doc. 18 at 2). Because the ALJ failed to analyze whether Mr. Baca's impairments met or equaled a listing, the Court remanded the case to the Commissioner for further proceedings in its *Memorandum Opinion and Order* (the "Order"). (Doc. 22).

Mr. Baca now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 24). He argues that an award of fees is appropriate because he is the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 24 at 1).

The Commissioner responds that Mr. Baca's request for fees under EAJA should be denied because the Commissioner's position in this case was substantially justified. (Doc. 25 at 1). Specifically, the Commissioner argues that Mr. Baca did not meet his burden of showing that his impairment met a Listing. (Doc. 25 at 4).

**II.    Analysis**

*A.  Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

### B. *The Commissioner's Position was not Substantially Justified*

In this case, the Court remanded the ALJ's decision because the ALJ failed to analyze whether Mr. Baca's skin impairments met or equaled the listings for severe impairments at step three. (Doc. 24 at 9-11). Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to analyze the skin disorder listings at step three. This Court finds that the Commissioner has not.

The Commissioner argues that her position in defending the ALJ's decision was substantially justified because she relied on an "arguably defensible administrative record" in this case. (Doc. 25 at 3) (quoting *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) (internal quotation marks removed)). Further, the Commissioner makes the same arguments made in the underlying briefing, maintaining that Mr. Baca did not meet his burden of showing that his skin condition met or equaled a listing. (Doc. 25 at 4).

At step three, the ALJ determines whether the claimant's impairment or combination of impairments either meet or equal one of the "listings" of presumptively disabling impairments. 20 C.F.R. § 416.920(a)(4)(iii). Here, the ALJ specifically considered whether Mr. Baca's arthritis and lumbar degenerative disc disease met or equaled the listings, but did not make the same finding for Mr. Baca's skin impairment. The Court found, however, that based on the administrative record, there was enough evidence for the ALJ to have considered whether Mr. Baca's skin impairment met or equaled the listings.

The Commissioner may not simply state that there was an "arguably defensible administrative record" in the case, but has the burden of proving that her position was substantially justified. *Crawford*, 935 F.2d at 658. The Commissioner's argument that Mr. Baca's skin impairment did not meet the listings is *post hoc* rationalization, as the ALJ did not address the issue. It is well-settled that the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Accordingly, the Tenth Circuit has held that "it would therefore be improper to rely on the Commissioner's litigation position," which included entirely new legal theories in an attempt to reconcile errors in the ALJ's decision, "to deny plaintiff's EAJA application." *Hackett*, 475 F.3d at 1175. Thus, this Court finds that the Commissioner's position in defending the ALJ's decision was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Baca is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Mr. Baca's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support*, (Doc. 24), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $5,600.48. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE